# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 67

APRIL TERM, A.D. 2017

June 7, 2017

|  |  |
|---|---|
| THOMAS GILCREASE FOUNDATION, as Trustee for the GILCREASE HOBACK ONE CHARITABLE TRUST; THOMAS GILCREASE FOUNDATION, as Trustee for the GILCREASE HOBACK TWO CHARITABLE TRUST; and THOMAS GILCREASE FOUNDATION, as Trustee for the GILCREASE HOBACK THREE CHARITABLE TRUST, Appellants (Plaintiffs), v. ANDY CAVALLARO, sued in his official capacity as the TETON COUNTY ASSESSOR, an agency of the COUNTY OF TETON, STATE OF WYOMING, Appellee (Defendant). | S-16-0233 |

*Appeal from the District Court of Teton County*
The Honorable Timothy C. Day, Judge

***Representing Appellants:***
Richard W. Walden of Walden & Van Tassell, PLLC, Tulsa, Oklahoma.

***Representing Appellee:***
Keith M. Gingery, Teton County Attorney's Office, Jackson, Wyoming.

***Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.***

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]     Appellant, the Thomas Gilcrease Foundation (the Foundation), filed a declaratory judgment action in the district court against Appellee, Andy Cavallaro, the Teton County Assessor.  The Foundation sought a declaration from the district court that the trusts for which it acts as trustee are charitable trusts within the meaning of Wyo. Stat. Ann. § 4-10-406(a) (LexisNexis 2015) and are exempt from taxation under Wyo. Stat. Ann. § 39-11-105(xix) (LexisNexis 2015).  The district court dismissed the complaint on the basis of primary jurisdiction, and the Foundation appeals that determination.  We affirm.

## ISSUE

[¶2]     The Foundation raises one issue in this appeal:

> [W]hether the [district court] abused its discretion when it relied upon the primary jurisdiction doctrine to dismiss [the Foundation's] Declaratory Judgment[s] Act lawsuit.

## FACTS

[¶3]     The Foundation is an Oklahoma non-profit corporation and serves as the trustee for three Wyoming trusts:  Gilcrease Hoback One Charitable Trust; Gilcrease Hoback Two Charitable Trust; and Gilcrease Hoback Three Charitable Trust (collectively referred to as "the trusts").  Each trust leases its property which is adjacent to the Snake River to the Jackson Hole Kayak Club, a non-profit organization that provides youth kayaking opportunities.  Additionally, the trusts have set aside certain areas of the collective parcels for the people of Teton County, its tourists, and for wildlife.

[¶4]     Prior to 2009, the Foundation owned all eight of the parcels of property that are now held collectively in the trusts.  At that time, the previous Teton County Assessor determined the parcels were exempt from taxation under § 39-11-105(xix).  That section exempted from taxation the "[p]roperty of charitable trusts."  In 2009, the Foundation transferred the property to the trusts, and in 2010, the Teton County Assessor began assessing tax on the properties because the trusts could not show they provided a direct benefit to the people of Wyoming.  The trusts paid the 2010 tax without objection, but protested the 2011 tax assessment to the county board of equalization.  The assessor acquiesced and considered the property tax exempt and the trusts withdrew their administrative appeal.

[¶5]     In 2011, the Teton County and Prosecuting Attorney requested an opinion from the Wyoming Attorney General regarding charitable trusts and the requirements for tax exemption.  The Attorney General concluded that, to qualify for the property tax exemption, a charitable trust must benefit members of a community within Wyoming.

1

The Attorney General based its opinion on the definition of "charitable trust" found in Wyo. Stat. Ann. §§ 4-10-103(a)(iii) (LexisNexis 2015) and 4-10-406(a), and the definition of "charity" in the Department of Revenues Rules. The opinion did not discuss the fact that § 39-11-105(xix) exempted simply "property of charitable trusts." Mr. Cavallaro alleges that, due to this ambiguity, the then current assessor did not assess tax on the property in 2012, 2013, or 2014. Instead, she urged the Wyoming Legislature, through the Wyoming County Assessors' Association, to amend the statute to make the requirements of tax exemption for charitable trust properties clearer.

[¶6]   In 2014, the legislature amended § 39-11-105(a)(xix) and it went into effect on January 1, 2015. 2014 Wyo. Sess. Laws 78. Under the amendment, the statute required that in order for a charitable trust's property to qualify for tax exemption, the trust's purpose must "conform[] to W.S. 4-10-406(a) and which is directly beneficial to the people of this state[.]" Section 39-11-105(a)(xix). After the amendment became law, Mr. Cavallaro, who had been elected the Teton County Assessor only one month earlier, sent a letter to the Foundation inquiring about the trusts' purposes and whether the property was subject to tax exemption. The Foundation's counsel responded by letter and explained that the trusts provide a lease to the Jackson Hole Kayak Club at no charge, that several acres of property have been reserved as open space for the enjoyment and pleasure of Teton County residents and tourists, and that the Foundation donates thousands of dollars to various organizations in Teton County. Mr. Cavallaro requested more information from the Foundation regarding the number of Wyoming residents who benefit from the Jackson Hole Kayak Club lease, how many people utilize the dedicated open space, the percentage of donations made by the Foundation in Wyoming versus other states, and receipts from organizations that have received donations from the Foundation. There is no evidence in the record that the Foundation provided the requested information to Mr. Cavallaro.

[¶7]   On August 28, 2015, the Teton County Treasurer issued property tax statements for the 2015 tax year to the trusts. After the trusts failed to pay the first installment of the tax bill, the trusts received a delinquent property tax bill. As will be discussed in more detail below, the Foundation filed a complaint for declaratory judgment against Mr. Cavallaro on November 10, 2015, seeking a declaration that the trusts are charitable trusts and are tax exempt. Mr. Cavallaro apparently did not know that tax bills had been sent to the trusts until the Foundation filed the complaint and the parties filed motions in the action. On February 22, 2016, Mr. Cavallaro presented a tax roll correction to the Teton County Board of County Commissioners, stating that the property owned by the trusts should have been tax exempt in 2015 and the tax bills were sent in error. Mr. Cavallaro represented to the district court that he was waiting for further information from the Foundation so he could make a decision regarding the properties' tax exempt status and that the tax notices had been sent in error. However, Mr. Cavallaro eventually determined the trusts and the property do not meet the requirements of § 39-11-

2

105(a)(xix) and on March 24, 2016, sent the trusts a notice of tax assessment for the 2016 tax year.

[¶8]    As mentioned above, the Foundation filed a complaint for declaratory judgment against Mr. Cavallaro in the district court on November 10, 2015.  The Foundation requested the following relief in the complaint:

> 1.  Declare that the [] trusts are charitable trusts within the meaning of W.S. § 4-10-406(a) and that they are exempt from taxation pursuant to W.S. § 3[9]-11-105(xix); and
>
> 2.  Grant [the Foundation] all such other relief that the Court deems just and proper, including, but not limited to, payment of all attorney fees and costs incurred by [the Foundation] for bringing this Declaratory Judgment[s] Act action.

In response to the complaint, Mr. Cavallaro filed a motion to dismiss on the basis the Foundation had not utilized the administrative procedure authorized by the legislature to dispute a tax assessment.  The Foundation responded to the motion to dismiss with the argument that exhaustion of administrative remedies is not required in this circumstance because the dispute is over the interpretation of the tax exemption statute as it relates to charitable trusts.

[¶9]    The district court granted Mr. Cavallaro's motion to dismiss, but on somewhat different grounds than those argued by the parties.  The court recognized that a declaratory judgment action cannot be used to bypass an administrative appeal, but it may be appropriate in certain circumstances.  The court suggested this may be an appropriate case for a declaratory judgment action because "the trusts ask for an interpretation of Wyo. Stat. § 39-1[1]-105(xix) . . . ."  However, the court concluded that, even if it had jurisdiction over the declaratory judgment action, the primary jurisdiction doctrine made dismissal of the action appropriate.  The court determined that the interpretation of the statutory terms was best left to an agency due to its special competence.  The Foundation timely filed this appeal.

## STANDARD OF REVIEW

[¶10] A district court is vested with the discretion to decline jurisdiction over a matter because a party failed to exhaust its administrative remedies.  *Wyo. Dep't of Revenue v. Exxon Mobil Corp.*, 2007 WY 21 ¶ 10, 150 P.3d 1216, 1221 (Wyo. 2007).  This is also the case with respect to a district court's decision to invoke the primary jurisdiction doctrine.  *Id.*; *Glover v. State*, 860 P.2d 1169, 1171 (Wyo. 1993); *see also S. Utah Wilderness Alliance v. BLM*, 425 F.3d 735, 750 (10th Cir. 2005).  Therefore, we review

3

the district court's decision for an abuse of discretion. *S. Utah Wilderness Alliance*, 425 F.3d at 750.

## DISCUSSION

[¶11] The Wyoming Legislature has created an administrative process wherein a person may dispute a county assessor's tax assessment. Wyo. Stat. Ann. § 39-13-109(b)(i) (LexisNexis 2015). This process provides that, after a person has provided a statement disputing the assessment to the county assessor, the person contesting the assessment and the county assessor shall appear before the county board of equalization. *Id*. The county board of equalization may receive evidence from the parties, and will either affirm the assessor's valuation or find in favor of the taxpayer and remand the case to the assessor. *Id*. Both the assessor and any person aggrieved by the county board of equalization's final administrative action then have appeal rights. Wyo. Stat. Ann. §§ 39-11-102.1(c) (LexisNexis 2015), 39-13-109(b)(ii) and (iii), 16-3-114(a), 16-3-115.

[¶12] Generally, parties must exhaust available administrative remedies before seeking court intervention. *People v. Fremont Energy Corp.*, 651 P.2d 802, 811 (Wyo. 1982). "The purpose of the exhaustion doctrine is to avoid premature interruption of the administrative process where the agency has been created to apply a statute in the first place." *Exxon*, ¶ 15, 150 P.3d at 1222. "The exhaustion doctrine applies where an agency alone has been granted or found to possess exclusive jurisdiction over the case." *Fremont Energy*, 651 P.2d at 811. Further,

> [t]he agency, like a trial court, is created for the purpose of applying a statute in the first instance. Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise.

*Quinn Revocable Trust v. SRW, Inc.*, 2004 WY 65, ¶ 19, 91 P.3d 146, 152 (Wyo. 2004) (quoting *Rissler & McMurry Co. v. State*, 917 P.2d 1157, 1160-61 (Wyo. 1996)).

[¶13] However, despite the existence of an administrative process, in some circumstances it may be appropriate for a party to file a complaint in the district court under the Uniform Declaratory Judgments Act. *Rocky Mountain Oil and Gas Ass'n v. State*, 645 P.2d 1163, 1168 (Wyo. 1982); *Memorial Hosp. of Laramie County v. Dep't of Revenue*, 770 P.2d 223, 225 (Wyo. 1989); *see also* Wyo. Stat. Ann. §§ 1-37-101 through 115 (LexisNexis 2015). If the party's "desired relief concerns the validity and construction of agency regulations, or if it concerns the constitutionality or interpretation

of a statute upon which the administrative action is, or is to be, based, [a declaratory judgment action] should be entertained[,]" even though the party has not exhausted the administrative process. *Rocky Mountain Oil*, 645 P.2d at 1168; *see also Quinn Revocable Trust*, ¶ 16, 91 P.3d at 151. The courts must use caution when considering these complaints; "[w]here the action would result in a prejudging of issues that should be decided in the first instance by an administrative body, [the declaratory judgment action] should not lie." *Rocky Mountain Oil*, 645 P.2d at 1168. Further, "where the relief desired is in the nature of a substitution of judicial decision for that of the agency on issues pertaining to the administration of the subject matter for which the agency was created, the action should not be entertained." *Id*.

[¶14] Even if a party files a proper declaratory judgment complaint, a district court may still decline jurisdiction over the matter under the primary jurisdiction doctrine. "[T]he primary jurisdiction doctrine is apt when there is a basis for judicial action independent of agency proceedings, but where courts refer certain issues to the agency charged with primary responsibility for governmental supervision or control of the particular industry or activity involved." *Exxon*, 150 P.3d at 1222; *Fremont Energy*, 651 P.2d at 813 ("The doctrine of primary jurisdiction applies where there is an agency that has been created by statute or regulation to deal with particular technical questions requiring a special expertise."). "Primary jurisdiction is a doctrine of common law, wholly court-made, that is designed to guide a court in determining whether and when it should refrain from or postpone the exercise of its own jurisdiction so that an agency may first answer some question presented." *Glover,* 860 P.2d at 1173 (quoting 4 Kenneth Culp Davis, Administrative Law Treatise § 22:1 at 81 (2d ed. 1983)).

[¶15] While the doctrines of exhaustion and primary jurisdiction are similar, they are each used in different circumstances. The doctrine of exhaustion is used when jurisdiction is vested exclusively with an administrative agency. *Glover*, 860 P.2d at 1171. The doctrine of primary jurisdiction comes into play where both the courts and the administrative body have jurisdiction over the matter and the court defers to the agency. *See Exxon*, ¶ 15, 150 P.3d at 1222. Here, the Foundation filed a declaratory judgment action which, if done properly, could give the district court jurisdiction over the matter despite the fact that the Foundation did not utilize the administrative process. Mr. Cavallaro's motion to dismiss the complaint relied upon the Foundation's failure to exhaust the available administrative remedy and does not discuss the primary jurisdiction doctrine. While the district court never definitively stated that the Foundation properly invoked the court's jurisdiction by filing its complaint for declaratory judgment, it concluded, perhaps using an abundance of caution, the primary jurisdiction doctrine required that the court defer to the expertise of the administrative agency. We can affirm the district court's decision on any basis appearing in the record. *Leach v. State,* 2013 WY 139, ¶ 19, 312 P.3d 795, 799 (Wyo. 2013). We do so here, because the record establishes that the Foundation failed to exhaust available administrative remedies.

[¶16] After carefully reviewing the complaint for declaratory judgment, this Court concludes that the Foundation improperly requested that the district court usurp the function of the administrative agency. Nowhere in the complaint does the Foundation request the district court to interpret §§ 4-10-406(a) or 39-11-105(xix). Instead, the relief the Foundation sought was:

> 1. Declare that the Gilcrease charitable trusts are charitable trusts within the meaning of W.S. § 4-10-406(a) and that they are exempt from taxation pursuant to W.S. § 3[9]-11-105(xix)[.]

This type of determination is the precise function of the county assessor and the legislatively-created administrative process. A decision by the district court on this matter would be the "prejudging of issues that should be decided in the first instance by an administrative body" that this Court has deemed inappropriate in declaratory judgment actions. *Exxon*, ¶ 14, 150 P.3d at 1221-22; *see also Quinn Revocable Trust*, ¶ 10, 91 P.3d at 149; *Memorial Hosp. of Laramie County*, 770 P.2d at 226 ("[Declaratory judgment] relief is not available, however, if providing that relief requires the judiciary to perform the administrative duties of the executive branch."); *Rocky Mountain Oil*, 645 P.2d at 1168; *City of Cheyenne v. Sims*, 521 P.2d 1347, 1349 n.2 (Wyo. 1974) (quoting *Sweetwater County Planning Committee for Organization of School District v. Hinkle*, 493 P.2d 1050, 1052 (Wyo. 1972)) ("As previously indicated, there are ample provisions for review by the courts of administrative action. Ordinarily, the function of courts, in connection with such review, is to approve or disapprove the administrative action. It is not ordinarily within the prerogative of courts to substitute their judgment for administrative authority or to perform duties assigned by law to administrative boards, committees and officers.").

[¶17] In *Sims*, Sims filed a complaint for declaratory judgment, asking the district court to declare a structure on his property tax exempt. *Sims*, 521 P.2d at 1348. Before filing the complaint, Sims had not submitted his grievance to the county assessor or the county board of equalization. *Id*. On appeal, this Court recognized that demonstrating whether a property is tax exempt is "solely dependent upon its use and is therefore solely a question of fact and not of law or the constitutionality of said statute." *Id*. at 1349. Consequently, this Court stated what it believed to be "obvious" —"that the operation, supervision, and control of our statewide system of taxation, particularly the assessment and levy of taxes, is a function reserved solely to the administrative officers of an executive department of this state and cannot become a function or duty of the courts." *Id*.

[¶18] The situation in *Sims* is identical to the facts here. Instead of protesting Mr. Cavallaro's tax assessments of the trusts' property and then appealing that decision to the county board of equalization and, if necessary, the state board of equalization, the

6

Foundation skipped the entire administrative process and sought relief in the district court. The relief sought was a declaration that the trust property was tax exempt and did not question the validity or construction of administrative regulations or the construction or constitutionality of a statute. This use of the Declaratory Judgments Act is improper, and therefore, the Foundation's complaint should have been dismissed for failing to exhaust the available administrative remedy. *See Memorial Hosp. of Laramie County*, 770 P.2d at 226 (had the declaratory judgment complaint requested the court determine whether particular contractors fell within a particular taxable class, dismissal of the complaint would have been appropriate).

[¶19]  In its response to Mr. Cavallaro's motion to dismiss, the Foundation asserted for the first time that it was seeking the district court's interpretation of the phrase "directly beneficial" as used in § 39-11-105(xix) and whether Mr. Cavallaro was properly calculating the required benefit under the statute. It is questionable whether this request for interpretation was properly before the district court because the Foundation did not raise the issue in the complaint. Further, the relief in the complaint still required that the district court engage in extensive findings of fact to reach a conclusion on the ultimate question of whether the property was entitled to tax exemption. However, assuming for the sake of discussion the complaint properly brought the issue into the district court's purview, the court properly applied the primary jurisdiction doctrine. The Foundation's request to interpret "directly beneficial" does not require simply the answer to a legal question. The Department of Revenue has established rules that require the county assessor make an initial determination of whether a property is exempt from taxation. Dep't of Revenue Rules, Ch. 14, § 3(a). In order to make that assessment, the assessor must consider the ownership of the property, the use of the property, and the type of property at issue—all factual considerations. *Id*. at Ch. 14, § 3(c). Further, the Rules presume the property is taxable, and the burden is on the property owner to prove the property meets the requirements for exemption. *Id*. at Ch. 14, § 3(a)(ii) and § 4(a). As the county assessor, Mr. Cavallaro was required to make in-depth factual determinations before he could begin to determine whether the property was exempt under § 39-11-105(xix). Because the Foundation did not utilize the administrative process, the record is void of any of Mr. Cavallaro's conclusions or an explanation of why he believed the property did not fall into the statutory exemption. *See Quinn Revocable Trust*, ¶ 18, 91 P.3d at 151. Instead, the record suggests the Foundation failed to provide information requested by Mr. Cavallaro in order for him to fully consider the matter.

[¶20]  Applying the Department of Revenue's Rules in conjunction with the statutory exemptions and determining when a factual situation falls within those statutes are best left to the expertise of the county assessors, the county board of equalization, and the state board of equalization. *Id*.; *see also Exxon*, ¶ 15, 150 P.3d at 1222. The administrative process will allow the courts eventual review of this issue if the Foundation believes the agency that has been legislatively vested with expertise in the field is incorrectly assessing the trusts' property tax liability. *Sims*, 521 P.2d at 1349 n.2.

7

Because the question presented involves significant questions of fact, and a decision by the district court would have resulted in the prejudging of issues that should be determined by the administrative body, the district court did not abuse its discretion when it dismissed the complaint on the basis of primary jurisdiction. *Sims*, 521 P.2d at 1349; *Exxon*, ¶¶ 14, 17, 150 P.3d at 1221-22.

## CONCLUSION

[¶21] The Foundation failed to exhaust its administrative remedies before filing a complaint in the district court; therefore, the district court did not abuse its discretion when it dismissed the complaint. To the extent the Foundation may have properly invoked the district court's jurisdiction in its complaint for declaratory judgment, the district court properly concluded the primary jurisdiction doctrine warranted dismissal of the action in favor of review through the administrative process.

[¶22] Affirmed.