# IN THE SUPREME COURT, STATE OF WYOMING

# 2020 WY 28

### OCTOBER TERM, A.D. 2019

February 27, 2020

DEVON ENERGY PRODUCTION
COMPANY, LP,

Appellant
(Plaintiff),

v.

S-19-0170

GRAYSON MILL OPERATING, LLC,

Appellee
(Defendant).

---

***Appeal from the District Court of Natrona County***
The Honorable Kerri M. Johnson, Judge

*Representing Appellant:*

Jeffery J. Oven, Crowley Fleck, PLLP, Billings, Montana; Timothy M. Stubson, Crowley Fleck, PLLP, Casper, Wyoming. Argument by Mr. Oven.

*Representing Appellee:*

Lori Dawkins, Melissa J. Lyon, Steptoe & Johnson PLLC, Denver, Colorado. Argument by Ms. Dawkins.

*Before DAVIS, C.J., and FOX, KAUTZ, GRAY, JJ, and SHARPE, DJ.*

---

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**SHARPE, District Judge.**

[¶1]    This case concerns a "race to permit" dispute between Plaintiff Devon Energy Production Company, L.P. ("Devon") and Defendant Grayson Mill Operating, LLC, ("Grayson").[1]  Both parties hold mineral interests in certain drilling and spacing units and both want to be the "operator" of those units.  Grayson won the race to permit and ultimately obtained operator status over the lands in question.  Devon subsequently filed a complaint against Grayson, claiming Grayson illegally trespassed on the lands to obtain data to include in its applications for permits to drill.  Devon claims Grayson's actions violated Wyo. Stat. Ann. § 40-27-101 (LexisNexis 2019), which prohibits a party from trespassing on private lands to unlawfully collect resource data.  The district court granted Grayson's motion to dismiss the complaint for lack of subject matter jurisdiction, finding the Wyoming Oil and Gas Conservation Commission ("Commission") had primary jurisdiction to resolve the dispute and Devon failed to exhaust its administrative remedies with the Commission.  On appeal, Devon argues the district court, and not the Commission, is the proper forum to resolve the trespass claim.  We agree with Devon and reverse and remand for further proceedings.

## ISSUES

[¶2]    We frame the issues on appeal as follows:

1.  Does Devon have standing to sue Grayson?

2.  Did the district court abuse its discretion in granting Grayson's motion to dismiss for lack of subject matter jurisdiction for failing to exhaust administrative remedies?

3.  Did the district court abuse its discretion in granting Grayson's motion to dismiss for lack of subject matter jurisdiction under the primary jurisdiction doctrine?

## FACTS

[¶3]    Devon is a foreign limited partnership in good standing in the State of Wyoming and is a wholly-owned subsidiary of Devon Energy Corporation.  Grayson is a Wyoming limited liability company.  On February 15, 2019, Devon filed a complaint against Grayson for trespass as defined in § 40-27-101, declaratory judgment, and injunctive relief.  Several days later, Devon filed applications to deny or revoke Grayson's Applications for Permits to Drill ("APDs") with the Commission.  Devon asked the Commission to stay that action pending resolution of its trespass action in the district court.

---

[1] In addition to Grayson, Devon also named John Does 1-10 as defendants.

[¶4]     Devon claims Grayson trespassed on private lands to collect land use data on several proposed oil wells and used that data in the administrative proceedings before the Commission.  Devon further claims Grayson's actions were done in the race to permit several oil wells and become the operator of record within several oil and gas spacing units. Devon asked the district court to prevent Grayson from developing the lands, expunge the data Grayson collected from all public files, and award economic and consequential damages.

[¶5]     Devon filed the complaint with the hope of becoming the operator of the lands in which it claims to have a working interest.  Devon has an interest in being the operator because it owns a working interest in some of the mineral rights to three (3) separate Drilling and Spacing Units ("DSUs") in Township 39 North, Range 71 West, Converse County, Wyoming: Sections 25 & 36; Sections 26 & 35; and Sections 27 & 34 ("the lands" or "subject lands").  Devon claims it complied with all laws and regulations regarding access to the lands within the DSUs and properly filed several APDs with the Commission. Grayson also holds a working interest in some of the mineral rights to the same DSUs and wanted to be the operator for the subject lands.  When multiple entities hold working interests in a DSU, the first to obtain a permit to drill becomes the operator for that unit.

[¶6]     Ultimately, Grayson won the race to permit and became the operator of the lands. To become operator of the lands within the DSUs, Grayson applied for forty-eight (48) APDs.  As a part of the applications, Grayson represented to the Commission that it had a current working interest within the DSUs, the well locations and survey data were lawfully obtained, and the lands were not protected by Wyoming's Split Estate Act, Wyo. Stat. Ann. § 30-5-402(a) (LexisNexis 2019).  Devon believes these representations were false and/or included illegally obtained information.  Relevant to this decision, Devon asserts Grayson unlawfully obtained the data it submitted in its APDs.  Devon claims Grayson's misrepresentations to the Commission resulted in Devon's loss of operator status in the DSUs, loss of the orderly and legal development of the DSUs, and costs and fees.

### *Procedural Background*

[¶7]     In response to the complaint, Grayson filed a motion to dismiss on March 7, 2019. Grayson asked the district court to dismiss Devon's complaint under Wyoming  Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Devon failed to exhaust its administrative remedies through the Commission and under Rule 12(b)(6) for failing to state a claim upon which relief may be granted.  Regarding Grayson's jurisdictional arguments, it claimed the doctrine of primary jurisdiction required the district court to dismiss the complaint because the Commission was the proper forum for Devon's claims.  Grayson also argued Devon failed to exhaust its administrative remedies under the Commission's rules.  As for Grayson's Rule 12(b)(6) arguments, it claimed surveying does not violate § 40-27-101, Devon lacks standing to bring a claim under § 40-27-101 and to seek a declaratory judgment, and Devon is not entitled to injunctive relief.  Devon filed a

response on March 28, 2019. Devon argued, in part, that the Commission lacked jurisdiction to consider the trespass claim and the complaint was properly before the district court.

[¶8]   On July 1, 2019, the district court granted Grayson's motion to dismiss for lack of subject matter jurisdiction. The district court did not address Grayson's arguments under Rule 12(b)(6). The district court first found Devon failed to exhaust its administrative remedies. The district court stated:

> The Court finds that the [Commission] has the authority to determine the validity of the permits and whether or not to revoke or deny the permits at issue in this case. Further, the Plaintiff is asking the [Commission] to expunge the records in the commission relative to the applications to drill granted to the Defendant. Therefore, the Court finds that the Plaintiff is asking this Court to substitute its judgment for that of the agency on issues pertaining to the administration of the subject matter for which the [Commission] was created.

Next, the district court declined to exercise its jurisdiction because it found the Commission had primary jurisdiction over Devon's claims. The district court stated:

> The Court finds that while the District Court does have jurisdiction over Wyo. Stat. Ann. § 40-27-101 and declaratory judgments, there are genuine issues of material fact and a threshold determination that would be better made by an agency with expertise. … The Plaintiff is not asking the Court to determine the validity or construction of agency regulations nor the constitutionality or interpretation of a statute upon which the administrative action was based. Thus, the Court finds that the Commission has primary jurisdiction in this matter.

Devon timely filed a notice of appeal on July 17, 2019.

[¶9]   Prior to oral arguments, Devon supplemented the record with a notice of additional authority which contained the Commission's November 19, 2019 order dismissing Devon's Applications to Deny or Revoke Applications for Permit to Drill filed by Grayson. The Commission dismissed Devon's claims because it found it lacked jurisdiction to consider a civil trespass under § 40-27-101.

## STANDARD OF REVIEW

3

[¶10] We review the dismissal of an action under Rule 12(b)(1) *de novo* because subject matter jurisdiction is a question of law. *Hall v. Park Cty.*, 2010 WY 124, ¶ 3, 238 P.3d 580, 581 (Wyo. 2010). "If the district court lacked subject matter jurisdiction, this Court has jurisdiction on appeal, not on the merits, but only as to the jurisdictional issue." *Id.* We have said:

> When reviewing the dismissal of an action under W.R.C.P. 12(b)(1) for lack of subject matter jurisdiction, we accept the allegations of the complaint as true and we consider the facts in the light most favorable to the non-movant. We note also that in ruling on a W.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, materials outside the complaint, such as affidavits and other documents, may be considered.

*Apodaca v. Safeway, Inc.*, 2015 WY 51, ¶ 9, 346 P.3d 21, 23 (Wyo. 2015) (citations omitted).

[¶11] As we have explained, "[s]ubject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" *Weller v. Weller*, 960 P.2d 493, 495 (Wyo. 1998) (citation omitted). Subject matter jurisdiction "either exists or it does not, and a court should be satisfied that it possesses subject matter jurisdiction before it makes a decision in a case." *Id.* "Subject matter jurisdiction is not a subject of judicial discretion." *Id.* If the district court lacks subject matter jurisdiction, then "action taken by that court, other than dismissing the case, is considered to be null and void." *Id.* at 496.

[¶12] However, when the district court grants a motion to dismiss for failing to exhaust its administrative remedies or under the primary jurisdiction doctrine, this Court reviews the decision for an abuse of discretion. *Thomas Gilcrease Found. for Gilcrease Hoback One Charitable Trust v. Cavallaro*, 2017 WY 67, ¶ 10, 397 P.3d 166, 169–70 (Wyo. 2017). The reason this Court reviews such decisions for an abuse of discretion is because district courts are vested with the discretion to decline jurisdiction for failing to exhaust administrative remedies or deciding to invoke the primary jurisdiction doctrine. *See id.*

## DISCUSSION

[¶13] At the outset, the Court notes the issues on appeal are limited to the issues addressed by the district court. Namely, this Court will consider whether the district court abused its discretion in dismissing Devon's complaint for failure to exhaust administrative remedies and under the primary jurisdiction doctrine. Incidentally, the Court will also address whether Devon lacks standing to bring a claim under § 40-27-101 and the Declaratory Judgments Act. The Court acknowledges the remainder of Grayson's arguments under

4

Rule 12(b)(6), but finds the appropriate route is for this Court to remand those issues back to the district court for review.

[¶14]   In *Campbell County Memorial Hospital v. Pfeifle*, 2014 WY 3, ¶ 30, 317 P.3d 573, 581 (Wyo. 2014), we declined to address arguments raised on appeal that were not previously addressed by the district court.  In *Pfeifle*, we stated that "[w]hile this Court may ordinarily affirm the district court on any ground apparent in the record, we have declined to do so when the underlying issues involve complex factual and legal arguments that were never addressed by the district court."  *Id.* (citing *Horse Shoe Land & Livestock v. Fed. Land Bank of Omaha*, 740 P.2d 936, 938 (Wyo. 1987)); *see also Cox v. City of Cheyenne*, 2003 WY 146, ¶ 34, 79 P.3d 500, 511 (Wyo. 2003) (declining to address an issue that the district court did not address finding it prudent to allow the district court to decide the issue in the first instance).

[¶15]   As we did in *Pfeifle*, the Court declines to render a decision on the issues presented by Grayson that were not addressed on the merits by the district court.  Specifically, the Court declines to address whether Grayson's actions are exempt under the civil trespass statute, whether Devon is a surface lessee as well as a mineral lessee, and whether Devon is entitled to injunctive relief.  The Court believes it is best to allow the district court the opportunity to address these issues on remand after the facts and issues are more fully developed.  *See Cox*, ¶ 34, 79 P.3d at 511.  Therefore, the Court will limit its review to the issues of standing, exhaustion of administrative remedies, and primary jurisdiction.

### A.      Does Devon have standing to sue Grayson?

[¶16]   In Wyoming, standing is a jurisprudential rule.  *In re L-MHB*, 2018 WY 140, ¶ 23, 431 P.3d 560, 568 (Wyo. 2018) (quoting *Heinemann v. State*, 2018 WY 31, ¶ 14, 413 P.3d 644, 647 (Wyo. 2018) (citation omitted)).  If a party lacks standing, then the district court should refrain from considering the issues presented.  *See Jolley v. State Loan & Inv. Bd.*, 2002 WY 7, ¶ 6, 38 P.3d 1073, 1076 (Wyo. 2002); *Heinemann*, ¶ 14, 413 P.3d at 647.  As a threshold matter, we must determine if Devon has standing to sue Grayson under the civil trespass statute and the Declaratory Judgments Act.  If Devon has standing under the civil trespass statute, then it would also have standing under the Declaratory Judgments Act. *See* Wyo. Stat. Ann. § 1-37-103 (LexisNexis 2019).  Under the Declaratory Judgments Act, an interested party "whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute . . . may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations."  *Jolley*, ¶ 6, 38 P.3d at 1076.

[¶17]   In *Jolley v. State Loan and Investment Board*, ¶ 6, 38 P.3d at 1076, we reiterated our view on standing.  First, we explained the issue of standing "is a legal concept designed to determine whether a party is sufficiently affected to insure that the court is presented with a justiciable controversy."  *Id.* (citing *Roe v. Bd. of Cty. Comm'rs, Campbell Cty.*, 997

P.2d 1021, 1022 (Wyo. 2000) (citations omitted)). We then went on to explain the importance of a litigant having standing to sue. *See Jolley*, ¶ 6, 38 P.3d at 1076.

> At its most elementary level, the standing doctrine holds that a decision-making body should refrain from considering issues in which the litigants have little or no interest in vigorously advocating. Accordingly, the doctrine of standing focuses upon whether a litigant is properly situated to assert an issue for judicial or quasi-judicial determination. A litigant is said to have standing when he has a "personal stake in the outcome of the controversy." This personal stake requirement has been described in Wyoming as a "tangible interest" at stake. The tangible interest requirement guarantees that a litigant is sufficiently interested in a case to present a justiciable controversy.

*Id.* (quoting *State ex rel. Bayou Liquors, Inc. v. City of Casper*, 906 P.2d 1046, 1048 (Wyo. 1995) (quoting *Schulthess v. Carollo*, 832 P.2d 552, 556–57 (Wyo. 1992)).

[¶18] Here, Grayson claims Devon's reliance on § 40-27-101 is misplaced because the statute "cannot be used by one oil and gas operator to invalidate another operator's APDs." If the statute does apply, Grayson argues Devon lacks standing to bring a claim because "it is only a working interest owner holding a mineral lease." Grayson also states that data for surveying is exempted from the definition of resource data under the statute and, therefore, Grayson's actions are not subject to the statute.

[¶19] Before the Court decides whether Devon has standing to sue under § 40-27-101, the Court must decide if the statute applies to matters concerning oil and gas regulation. The Court reviews issues of statutory construction *de novo*. *Sinclair Oil Corp. v. Wyo. Dep't of Revenue*, 2010 WY 122, ¶ 7, 238 P.3d 568, 570 (Wyo. 2010).

> When interpreting statutes, we follow an established set of guidelines. First, we determine if the statute is ambiguous or unambiguous. A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. Unless another meaning is clearly intended, words and phrases shall be taken in their ordinary and usual sense. Conversely, a statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations.

*Id.*, ¶ 7, 238 P.3d at 570–71 (quoting *BP Am. Prod. Co. v. Dep't of Revenue*, 2006 WY 27, ¶ 20, 130 P.3d 438, 464 (Wyo. 2006) (citations omitted)). "If a statute is clear and unambiguous, we give effect to the plain language of the statute. Only if a statute is ambiguous will we resort to principles of statutory construction to determine the intent of the legislature." *Sinclair Oil Corp.*, 238 P.3d at 571 (citations omitted). If a statute is clear and unambiguous, it is "construed as a whole with the ordinary and obvious meaning applied to words as they are arranged in paragraphs, sentences, clauses and phrases to express the intent of the legislature. In analyzing the clarity or ambiguity of the statute, we turn to the guidance of grammarians." *Amoco Prod. Co. v. Wyo. State Bd. of Equalization*, 2001 WY 1, ¶ 5, 15 P.3d 728, 732 (Wyo. 2001) (citations omitted).

[¶20] The parties do not allege § 40-27-101 is ambiguous and we find it is unambiguous. We must therefore rely on the plain and ordinary meaning of the statute, without resorting to our principles of statutory construction. Section 40-27-101 provides a mechanism for filing a civil trespass claim in district court against a person who trespassed onto private lands to unlawfully collect resource data. *See* Wyo. Stat. Ann. § 40-27-101. Devon filed its claim for civil trespass under § 40-27-101(a). Subsection (a) provides:

> (a) A person commits a civil trespass to unlawfully collect resource data from private land if he:
> (i) Enters onto private land for the purpose of collecting resource data; and
> (ii) Does not have:
> (A) An ownership interest in the real property or statutory, contractual or other legal authorization to enter the private land to collect the specified resource data; or
> (B) Written or verbal permission of the owner, lessee or agent of the owner to enter the private land to collect the specified resource data.

Section 40-27-101(a). Under the statute, "'[r]esource data' means data relating to land or land use, including but not limited to data regarding agriculture, minerals, geology, history, cultural artifacts, archeology, air, water, soil, conservation, habitat, vegetation or animal species." Section 40-27-101(h)(iii). Excluded from the definition of resource data is data used for surveying to determine property boundaries or survey monuments, data used by a governmental entity to assess property values, and data collected or intended to be collected by a peace officer engaged in his official duties. *Id.*

[¶21] If a person trespasses on private lands to collect resource data, then that person "shall be liable in a civil action by the owner *or lessee* of the land for all consequential and economic damages proximately caused by the trespass" and litigation costs. Section 40-27-101(d) (emphasis added). If a trespass is committed, then the unlawfully collected resource data is not admissible into evidence in any civil, criminal, or administrative

7

proceeding except for the civil action for trespass. Section 40-27-101(f). In addition, "data unlawfully collected on private land under this section in the possession of any governmental entity as defined by W.S. 1-39-103(a)(i) *shall be expunged* by the entity from all files and data bases, and it shall not be considered in determining any agency action." Section 40-27-101(g) (emphasis added).

[¶22] Based on the plain language of the statute, we conclude § 40-27-101 may apply to this action. It is clear the legislature intended the statute to apply in situations where a person unlawfully collects resource data from private lands. Section 40-27-101(a). The statute does not exclude oil and gas matters and we are not inclined to add language to the statute that does not exist. *See Barlow Ranch, Ltd. P'ship v. Greencore Pipeline Co. LLC*, 2013 WY 34, ¶ 21, 301 P.3d 75, 84 (Wyo. 2013). In addition, the legislature specifically excluded from the definition of resource data surveying to determine property boundaries or the location of survey monuments. Wyo. Stat. Ann. § 40-27-101(h)(iii).[2] Whether the data Grayson collected falls within a statutory exclusion is a matter for the district court to resolve on remand based on a more fully developed factual record.

[¶23] While we find § 40-27-101 may apply to this action, we find the remedy for violating the statute under the circumstances is expungement. Section 40-27-101(g). Therefore, we agree with Grayson that § 40-27-101 cannot be used to invalidate its APDs. In finding § 40-27-101 applies in the oil and gas context, the next issue the Court must decide is if Devon has standing to sue.

[¶24] Part of Grayson's argument that Devon lacks standing is that Devon is only a mineral lessee and not a surface lessee which would devoid Devon of standing to bring a claim under § 40-27-101. We note that our review of the standing issue is limited to an examination of the factual allegations in Devon's complaint.[3] We find Devon has pleaded enough facts to establish standing to bring a trespass claim under § 40-27-101(a). In its complaint, Devon states: "As the lessee of a mineral estate within the DSUs, *and as a lessee of the lands over which a trespass has occurred*, Devon has standing to bring a trespass claim under Wyo. Stat. § 40-27-101(a)." Devon also alleged Grayson's actions resulted in injury by causing Devon to lose its operator status, by the loss of orderly and legal development of the DSUs, and costs and fees. Taking the factual allegations of the complaint as true, the Court finds Devon alleged it has standing to bring a civil trespass action under § 40-27-101(a). Devon claims it is a lessee over the subject lands and suffered injury due to Grayson's actions. Whether additional facts exist that may entitle Grayson

---

[2] In its briefing to the district court, Grayson argued § 40-27-101 "expressly does not apply to surveying activities." (emphasis omitted). We note that the surveying exception is not as broad as Grayson suggests. Under the statute, "resource data" does not include "*surveying to determine property boundaries or the location of survey monuments*." Wyo. Stat. Ann. § 40-27-101(h)(iii)(A) (emphasis added).

[3] Whether Devon is a surface lessee in addition to a mineral lessee is not completely clear from the limited record. This issue is best resolved by the district court on remand based on a more complete factual record.

to summary judgment remains to be seen.  Because we find Devon has pleaded sufficient facts to establish standing under § 40-27-101, we also find Devon has standing under the Declaratory Judgments Act.

**B.      Did the district court abuse its discretion in granting Grayson's motion to dismiss for lack of subject matter jurisdiction for failing to exhaust administrative remedies?**

[¶25]  Devon argues the exhaustion requirement only applies if the agency has exclusive jurisdiction over the claim.  Devon claims the district court erred because the district court, not the Commission, has jurisdiction over the trespass claim.  Grayson, on the other hand, agrees the district court has jurisdiction to interpret and apply § 40-27-101, but argues the district court lacks jurisdiction to consider Devon's requested relief.  Grayson claims the relief Devon seeks—invalidation and denial of Grayson's APDs—is within the province of the Commission not the district court.  Based on the parties' arguments, the Court believes the appropriate starting place is to examine the statutes and rules pertaining to oil and gas regulation.

### Oil and Gas Conservation Act and Rules and Regulations

[¶26]  The Oil and Gas Conservation Act ("Act") was enacted in 1951.  *Union Pac. Res. Co. v. Texaco, Inc.*, 882 P.2d 212, 222 (Wyo. 1994).  Under the Act, the legislature created the Commission and granted it the "jurisdiction and authority over all persons and property, public and private, necessary to effectuate the purposes and intent of this act . . . ."  Wyo. Stat. Ann. § 30-5-104(a); *see also id.* § 30-5-103.  Although the Act does not expressly state the intent or purpose, this Court has stated "the purpose is to provide a comprehensive regulatory program which prevents the waste of Wyoming's oil and gas resources and protects the correlative rights of property owners."  *Union Pac. Res.*, 882 P.2d at 223.  "The Act permits the Commission to establish drilling units to protect the public interest by preventing waste and protecting correlative rights."  *Id.*; *see Exxon Mobil Corp. v. Wyo. Oil & Gas Conservation Comm'n*, 2013 WY 32, ¶ 25, 297 P.3d 782, 787 (Wyo. 2013) (The Wyoming Legislature created the Act as "a comprehensive regulatory program intended to prevent waste of Wyoming's oil and gas resources while also protecting the correlative rights of property owners.").  The Act also granted the Commission the ability to create rules, regulations, and orders to fulfill the Act's purposes.  Wyo. Stat. Ann. § 30-5-104(c).

[¶27]  One aspect covered under the Act is the ability of the Commission to regulate wells.  Section 30-5-104(d)(ii) (the Commission has the authority "[t]o regulate, for conservation purposes: (A) The drilling, producing, and plugging of wells; [and] . . . (C) The spacing of wells").  Embedded within this authority is the ability of the Commission to control the entry onto lands to conduct oil and gas operations.  *Id.*, §§ 30-5-401 to -410.  If an owner or operator wants to drill on any fee, patented, state, or federal lands, the owner or operator shall file an APD with the Commission and pay a fee for a permit.  WOGCC RULES &

REGS. ch. 3, § 8(a).  The requirements for submitting an APD with the Commission are detailed in Chapter 3, Section 8 of the Commission's Rules and Regulations.  *See id.*  As adopted in the Rules and Regulations, an owner or operator must comply with § 30-5-403, which provides:

> (a) Before an application for a permit to drill is approved by the commission, the oil and gas operator shall file a statement with the commission, including the surface owner's name, contact address, telephone number and any other relevant and necessary contact information known to the oil and gas operator, certifying that:
>> (i) Notice of proposed oil and gas operations was provided to the surface owner;
>> (ii) The parties attempted good faith negotiations as required under W.S. 30-5-402(f) to reach a surface use agreement;
>> (iii) The oil and gas operator has met the conditions of W.S. 30-5-402(c), specifying how the conditions have been met.
>
> (b) The surface use agreement between the oil and gas operator and the surface owner shall not be filed with the oil and gas conservation commission and the terms of the agreement shall not be required as a condition of approval of an application for a permit to conduct oil and gas operations.

Wyo. Stat. Ann. § 30-5-403; *see also* WOGCC RULES & REGS. ch. 3, § 8(d).  Under the Act, a "surface owner" is

> any person holding any recorded interest in the legal or equitable title, or both, to the land surface on which oil and gas operations occur, as filed of record with the county clerk of the county in which the land is located. "Surface owner" does not include any person or governmental entity that owns all of the land surface and all of the underlying oil and gas estate, or any person or governmental entity that owns only an easement, right-of-way, license, mortgage, lien, mineral interest or nonpossessory interest in the land surface[.]

Wyo. Stat. Ann. § 30-5-401(a)(viii).

[¶28]  If an owner or operator complies with the notice requirements and submits an appropriate APD to the Commission, then the operation shall be approved administratively without a hearing unless an objection is lodged.  *See* WOGCC RULES & REGS. ch. 5, §

10

15(c); *see also* Wyo. Stat. Ann. § 30-5-115. If an interested person objects to the proposed operation in the APD, that person must assert an objection to the APD within fifteen (15) days. *See* WOGCC RULES & REGS. ch. 5, § 15(c)(ii).

[¶29] Here, Devon alleged Grayson illegally trespassed to collect resource data in violation of § 40-27-101 and Grayson then used that data in its APDs to the Commission. In accordance with the trespass statute, Devon asked the district court to expunge the illegally obtained data from all Commission files and public record. Devon claims the district court erred in granting Grayson's motion to dismiss for failure to exhaust administrative remedies with the Commission because its civil trespass action could only be brought before the district court. Devon believes the proper procedure is for the district court to rule on its civil trespass action and then, if successful, to expunge the unlawfully collected data from all files and data bases. This action would eventually require the Commission to reevaluate Grayson's APDs for the subject lands. To determine this issue, we look to our prior decisions on the exhaustion of administrative remedies doctrine.

[¶30] In *Thomas Gilcrease Foundation for Gilcrease Hoback One Charitable Trust v. Cavallaro*, ¶ 15, 397 P.3d at 171, we affirmed the district court's decision to decline jurisdiction because the plaintiff failed to exhaust its administrative remedies. In that case, the Thomas Gilcrease Foundation filed a declaratory judgment action in district court for a declaration that the trusts it acted as trustees over were charitable trusts under Wyo. Stat. Ann. § 4-10-406(a) and exempt from taxation under Wyo. Stat. Ann. § 39-11-105(a)(xix). *Id.*, ¶ 1, 397 P.3d at 168. We noted that a specific administrative process was created for a person to dispute a county assessor's tax assessment, which necessarily included an appeal process. *See id.*, ¶ 11, 397 P.3d at 170. We found the plaintiff failed to exhaust its administrative remedies because it decided to bypass the administrative process in lieu of a declaratory judgment action. *See id.*, ¶¶ 15–16, 397 P.3d at 171.

[¶31] In affirming the district court, we explained that the "exhaustion doctrine applies where an agency *alone* has been granted or found to possess exclusive jurisdiction over the case." *Id.*, ¶ 12, 397 P.3d at 170 (emphasis added) (quoting *People v. Fremont Energy Corp.*, 651 P.2d 802, 811 (Wyo. 1982)). We stated the "purpose of the exhaustion doctrine is to avoid premature interruption of the administrative process where the agency has been created to apply a statute in the first place." *Thomas Gilcrease Found.*, ¶ 12, 397 P.3d at 170 (quoting *Wyo. Dep't of Revenue v. Exxon Mobil Corp.*, 2007 WY 21, ¶ 15, 150 P.3d 1216, 1222 (Wyo. 2007)).

[¶32] This Court's decision in *People v. Fremont Energy Corp.* also provides insight into how we treat the exhaustion doctrine. In that case, we looked to see if the district court properly relied on the doctrines of exhaustion and/or primary jurisdiction to dismiss a complaint seeking to collect a penalty and injunction for violating the Wyoming Environmental Quality Act. *Fremont Energy Corp.*, 651 P.2d at 803–04. We reversed and remanded the district court's dismissal, finding the exhaustion and primary jurisdiction

doctrines did not apply. *Id.* at 811–14. Regarding the exhaustion doctrine, we said "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."[4] *Id.* at 811 (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938)). As in other cases, we stated the doctrine of exhaustion "applies where an agency alone has been granted or found to possess exclusive jurisdiction over the case." *Fremont Energy Corp.*, 651 P.2d at 811.

[¶33] The Court agrees with Devon that "[w]hile the Commission does have authority to determine the validity of the APDs, the predicate question is whether there was a civil trespass." The Commission does not have jurisdiction to consider a civil trespass and, therefore, there was nothing for Devon to exhaust at the administrative level regarding its claim under § 40-27-101. Unlike *Thomas Gilcrease Found.*, there is no specific administrative process for Devon to bring a trespass claim to the Commission for consideration. Rather, the Commission has the authority to regulate wells on lands in Wyoming. Wyo. Stat. Ann. 30-5-104(d)(ii). In regulating the wells, the Commission is tasked with reviewing APDs submitted by owners or operators in the race to permit. *See* WOGCC RULES & REGS. ch. 3, § 8(a). The Commission is not tasked with resolving civil trespass claims. Therefore, as we did in *Fremont Energy Corp.*, we hold the exhaustion of administrative remedies doctrine does not apply to this case and cannot be used to affirm the district court's decision to dismiss Devon's complaint.[5] *See Fremont Energy Corp.*, 651 P.2d at 811.

[¶34] Although the Court finds the district court abused its discretion in dismissing the complaint for failing to exhaust administrative remedies, the Court must now look to the district court's decision to decline jurisdiction under the primary jurisdiction doctrine. As we have said, "[w]hile the doctrines of exhaustion and primary jurisdiction are similar, they are each used in different circumstances." *Thomas Gilcrease Found.*, ¶ 15, 397 P.3d at 171; *see also Fremont Energy Corp.*, 651 P.2d at 810–11. The exhaustion doctrine "is used when jurisdiction is vested exclusively with an administrative agency." *Thomas*

---

[4] We stated:

> From our earlier determinations in the case before us, we declared that § 701(d) makes it clear that the State can bring an action in the courts pursuant to § 901 without first complying with any applicable administrative procedures set out in § 701. We have also decided that, except in the case where a cease and desist order has been issued with a notice of violation, there is no statutory provision for a review of an alleged violation by the environmental quality council. Therefore, it is obvious to us that the environmental quality council has no statutory grant of exclusive jurisdiction over the determination of a violation of the Act.

*Fremont Energy Corp.*, 651 P.2d at 811.

[5] The Court notes Devon asked the district court to declare Grayson's APDs be "revoked or denied" or that Grayson be prohibited from developing the subject lands covered by the APDs. Devon must ultimately seek this relief from the Commission if it succeeds on its trespass claim in district court.

12

*Gilcrease Found.*, ¶ 15, 397 P.3d at 171 (citing *Glover v. State*, 860 P.2d 1169, 1171 (Wyo. 1993)). Whereas, the doctrine of primary jurisdiction applies when the district court and the administrative agency "have jurisdiction over the matter and the court defers to the agency." *Thomas Gilcrease Found.*, ¶ 15, 397 P.3d at 171 (citing *Exxon*, ¶ 15, 150 P.3d at 1222). A similar rendition of the differences between the two doctrines is as follows: "Exhaustion applies where an agency alone has exclusive jurisdiction over the case; primary jurisdiction where both a court and an agency have the legal capacity to deal with the matter." [6] *Fremont Energy Corp.*, 651 P.2d at 811 (citation omitted).

### C. Did the district court abuse its discretion in granting Grayson's motion to dismiss for lack of subject matter jurisdiction under the primary jurisdiction doctrine?

[¶35] Devon argues the district court erred in applying the primary jurisdiction doctrine because the Commission cannot apply or interpret the civil trespass statute, only the district court is vested with that authority. Grayson again focuses on Devon's requested relief to support its position that the Commission has primary jurisdiction over Devon's claims. Grayson stated: "By asking the District Court to not only find that Grayson Mill violated the [trespass] [s]tatute but that Grayson Mill's APDs be denied or revoked, Devon asked the District Court to replace its authority for that of the Commission."

[¶36] The primary jurisdiction doctrine is court-made and "designed to guide a court in determining whether and when it should refrain from or postpone the exercise of its own jurisdiction so that an agency may first answer some question presented." *Thomas Gilcrease Found.*, ¶ 14, 397 P.3d at 170–71 (quoting *Glover*, 860 P.2d at 1173 (citation omitted)). "[T]he primary jurisdiction doctrine is apt when there is a basis for judicial action independent of agency proceedings, but where courts refer certain issues to the agency charged with primary responsibility for governmental supervision or control of the particular industry or activity involved." *Thomas Gilcrease Found.*, ¶ 14, 397 P.3d at 170

---

[6] In further distinguishing between the exhaustion and primary jurisdiction doctrines, we have said:

> The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. Exhaustion applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course. Primary jurisdiction, on the other hand, applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

*Exxon Mobil Corp.*, ¶ 15, 150 P.3d at 1222 (quoting *Glover*, 860 P.2d at 1171); *see also Fremont Energy Corp.*, 651 P.2d at 810–11 (quoting *U.S. v. W. Pac. R.R. Co.*, 352 U.S. 59, 63–64 (1956)).

(alteration in original) (quoting *Exxon*, ¶ 15, 150 P.3d at 1222). In other words, the doctrine of primary jurisdiction "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body[.]" *Exxon*, ¶ 15, 150 P.3d at 1222 (quoting *Glover*, 860 P.2d at 1171).

[¶37]  In *Fremont Energy Corp.*, we explained "the doctrine determines whether the court or an administrative agency should make the initial decision in a case." *Fremont Energy Corp.*, 651 P.2d at 812. We stated:

> The doctrine of primary jurisdiction applies where there is an agency that has been created by statute or regulation to deal with particular technical questions requiring a special expertise . . . . Where it is clear from the terms or the implications of the statutory scheme authorizing administrative action, that the legislature did not intend the [agency] to make an initial determination, then the doctrine of primary jurisdiction cannot apply any more than could the doctrine of exhaustion of administrative remedies.

*Id.* at 813.

[¶38]  The district court relied on the primary jurisdiction doctrine in dismissing Devon's claims by stating that although it had jurisdiction over the declaratory judgment action and trespass claim, it believed the case was better left for the Commission to decide in the first instance. The main flaw with the district court's reasoning is that it failed to recognize that the Commission does not have jurisdiction to consider a civil trespass action. For the primary jurisdiction doctrine to apply, both the district court and the Commission would need to be vested with the authority to decide the issues. As we said in *Fremont Energy Corp.*, "[t]he doctrine of primary jurisdiction was created to determine who, with the responsibility of dealing with a matter, should deal with it initially. The doctrine was not designed to create a responsibility to deal with a matter in an agency which had no such responsibility before." *Id.*

[¶39]  Before the Commission can reassess the validity of Grayson's APDs, the district court must first find Grayson committed a civil trespass under the statute. If the district court finds Grayson violated § 40-27-101, then the result would be to expunge the unlawfully collected data from all files and data bases. *See* Wyo. Stat. Ann. § 40-27-101(d), (g). Should a trespass claim be established, and the expungement ordered, then the Court agrees with Grayson that the Commission (and not the district court) must subsequently determine the validity of the APDs. However, because the district court is *solely* vested with jurisdiction to determine if a civil trespass occurred, the Court finds the district court abused its discretion in dismissing the complaint under the primary

jurisdiction doctrine. *See Glover*, 860 P.2d at 1173 (Under the primary jurisdiction doctrine, "both the court and the administrative agency have jurisdiction to hear the matter.").

## CONCLUSION

[¶40] We hold Devon sufficiently pleaded standing under § 40-27-101 and the Declaratory Judgments Act. We further hold the district court abused its discretion in dismissing Devon's complaint for failing to exhaust its administrative remedies with the Commission. As stated above, the Commission does not have jurisdiction to consider Devon's civil trespass claim. Because the Commission does not have exclusive jurisdiction over the issues presented in the complaint, the district court erred when it applied the exhaustion of administrative remedies doctrine. We also hold the district court abused its discretion in relying on the primary jurisdiction doctrine. As with the exhaustion doctrine, the Commission is unable to consider Devon's claim for a civil trespass and, therefore, the district court erred in finding the Commission was better situated to address the issues presented in the complaint. For these reasons, we reverse and remand for further proceedings.